In re The GRABILL CORP., an Illinois corporation, F.E.I.N. 36–3213792, Windsor–Hamilton, Ltd., an Illinois corporation, F.E.I.N. 36–3492216, Foxxford Group, Ltd., an Illinois corporation, F.E.I.N. 36–3567177, Camdon Companies, Inc., an Illinois corporation, F.E.I.N. 36–3493930, The Techna Group, Ltd., an Illinois corporation, F.E.I.N. 36–3565211, Debtors. (Jointly Administered Cases).

In re William J. STOECKER, Debtor.

Bankruptcy Nos. 89 B 01639–89 B 01643 and 89 B 02873.

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 23, 1989.

Jerome B. Meites, McDermott, Will & Emery, Chicago, Ill., for McDermott, Will & Emery.

Thomas E. Raleigh, Raleigh & Helms, Chicago, Ill., Trustee for William J. Stoecker.

Jay Steinberg, Hopkins & Sutter, Chicago, Ill., Trustee for The Grabill Corp., et al.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court concerning an agreed order pertaining to the emergency motion of McDermott, Will & Emery ("MW & E") to submit a privilege log and explanatory letter to the Court for *in camera* review. For the reasons set forth herein, the Court having reviewed all documents submitted and having conducted an *in camera* inspection, hereby orders MW & E to produce certain original documents for inspection to Jay Steinberg ("Steinberg"), trustee ·of the corporate debtors, and Thomas Raleigh ("Raleigh"), trustee for William J. Stoecker ("Stoecker"). Further, the Court hereby sustains MW & E's assertions of the attorney work product doctrine to the remaining documents.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Orders of the United States District Court for the Northern District of Illinois. The matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

## II. FACTS AND BACKGROUND

In the Court's Memorandum Opinion dated July 26, 1989, the Court detailed the history of these related Chapter 11 cases. Portions of that Opinion are incorporated herein by reference and relate to any privilege claims asserted by Stoecker based on the Fifth Amendment to the United States Constitution. On or about March 23, 1989, Steinberg served a subpoena on the custodian of records at MW & E seeking production of certain documents. Prior· to the commencement of the Chapter 11 proceedings, MW & E represented or consulted with The Grabill Corp. ("Grabill") and Stoecker on various matters. MW & E, as former counsel for Grabill and Stoecker,

asserted that certain privileges precluded transmission and production of the subject documents. Pursuant to Stoecker's asserted privileges against self-incrimination under the Fifth Amendment, the attorney/client privilege and the attorney work product doctrine, MW & E filed an emergency motion on May 2, 1989 to submit its privilege log and explanatory letter to the Court for an *in camera* review of the allegedly privileged documents.

Subsequently, a stipulation was entered into by MW & E, Steinberg, Raleigh and Stoecker. The Court approved same on May 8, 1989. The stipulation provided that Steinberg, Raleigh and Stoecker shall make best efforts to arrive at an agreement as to which documents listed on the privilege log should be produced by MW & E and which documents should be withheld from production on account of an appropriate assertion of privilege. In the event the parties reached agreement as to which documents were to be produced, MW & E was required to produce the originals for inspection. In the event the parties were unable to reach an agreement as to which documents were not to be produced, they could file an appropriate motion with the Court. If no agreement was reached by May 12, 1989, or such later date as the parties could thereafter agree to, copies of all documents in MW & E's possession, which were responsive to the subpoena but as to which no agreement as to production had been reached, were to be furnished to the Court for its *in camera* inspection and decision as to which documents were privileged from turnover.

In accordance with the provisions of the Order, MW & E transmitted to the Court copies of all documents it claims may be privileged, along with a copy of the privilege log. Steinberg and Raleigh were furnished the privilege log. The privilege log contains a description of all documents in the files of MW & E and a specification of which of the documents are claimed to be privileged under either the attorney/client privilege or the attorney work product doctrine. MW & E's letter of June 30, 1989, which accompanied the transmittal, summarized the nature of the legal services performed and the attorneys who performed those services.

Steinberg has waived any attorney/client privilege that might apply to Grabill documents based on the authority of *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). The parties agree that Steinberg has an absolute right to waive the privilege regarding all Grabill documents. Hence, none of those documents have been identified as being protected by the attorney/client privilege.

On August 2, 1989, the Court was advised by letter from MW & E that certain billing memoranda and statements were no longer the subject of dispute. MW & E agreed to produce and tender same to Steinberg and Raleigh. In addition, on August 18, 1989, the Court received a letter from Stoecker's counsel advising that Stoecker waived the attorney/client privilege with respect to all of the documents, with the exception of MW & E's notes regarding a sexual harassment suit. As a result of Stoecker's waiver of the Fifth Amendment and the attorney/client privileges, only the attorney work product doctrine claims of MW & E with respect to several of the documents remains to be determined.

## III. DISCUSSION

The attorney work product doctrine is similar but distinct from the attorney/client privilege. Unlike the attorney/client privilege, the right to assert the doctrine belongs at least in part, if not solely, to the attorney and not the client. *Donovan v. Fitzsimmons*, 90 F.R.D. 583, 587 (N.D.Ill.1981); *In re Grand Jury Proceedings*, 604 F.2d 798, 801 n. 4 (3d Cir. 1979). Even though Stoecker has waived his claim of attorney/client privilege, MW & E has not as of this date advised the Court of its intent to waive the attorney work product doctrine. Hence, the Court must proceed to rule on the applicability of the doctrine to the remaining documents.

In discussing the attorney work product doctrine, the Supreme Court opined

in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947):

> In performing his various duties ... it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.... This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal briefs, and countless other tangible and intangible ways—aptly though roughly termed ... the "work product ... of the lawyer." Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten.

329 U.S. at 510–11, 67 S.Ct. at 393.

The doctrine protects from discovery not only materials obtained or prepared in anticipation of litigation but also the attorney's mental impressions including his thought processes, opinions, conclusions and legal theories. *Id.* at 512, 67 S.Ct. at 394; *Shelton v. American Motors Corp.,* 805 F.2d 1323 (8th Cir.1986). The attorney work product doctrine serves to protect the confidentiality in the attorney/client relationship, as well as protect the attorney from undue and unfair disclosure. *Donovan v. Fitzsimmons,* 90 F.R.D. at 587. The doctrine is designed to balance the needs of the adversary system to promote an attorney's preparation in representing a client against the general interest in revealing all true and material facts relevant to the resolution of the dispute. It does not exist to produce a confidential relationship, but rather to promote the adversary system by safeguarding the fruits of an attorney's trial preparation from the discovery attempts of an opponent. *In re Subpoenas Duces Tecum,* 738 F.2d 1367, 1371 (D.C. Cir.1984).

The doctrine protects materials prepared in anticipation of litigation by a party or his attorney from discovery. Federal Rule of Civil Procedure 26(b)(3). Rule 26(b)(3) incorporated by reference in Federal Rule of Bankruptcy Procedure 7026 provides as follows:

**Trial Preparation: Materials.** Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Fed.R.Civ.P. 26(b)(3).

■ The rule extends only to documents and tangible things. The same must have been prepared in anticipation of litigation or for trial. Thus, when the lawyer is engaged in rendering other services not related to pending or threatened litigation,

such as the drafting of a contract, the doctrine is not applicable. *See McCormick on Evidence,* § 96 at 236 (3d ed.1984). Rule 26(b)(3) allows the party seeking the documents or other tangible things to obtain same only on a showing of substantial need and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Substantial need has been shown to be present where the materials are relevant and not otherwise available to the requesting party. *Jarvis, Inc., v. American Telephone & Telegraph Co.,* 84 F.R.D. 286, 293 (D.Col. 1979). The district court has held that no showing beyond the substantial need/undue hardship standard is required to discover opinion work product as opposed to factual work product. *See Donovan v. Fitzsimmons* 90 F.R.D. at 588. For purposes of the rule, the prospect of litigation must be identifiable though litigation need not have already commenced. *Binks Mfg. Co. v. National Presto Industries, Inc.,* 709 F.2d 1109, 1118–20 (7th Cir.1983).

 The Supreme Court in *Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), noted that the draftsmen of Rule 26(b)(3) regard opinion work product as deserving special protection and held that interview memoranda concerning witnesses' oral statements constituted same. The Court noted that forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored due to the fact that it tends to reveal an attorney's mental processes. *Upjohn* at 400, 101 S.Ct. at 688. The *Upjohn* court expressly declined to specify what, if any, showing of necessity is sufficient to compel disclosure of opinion work product. No showing of any necessity for any of the MW & E claimed work product has been made by Steinberg or Raleigh in this case.

The first document that MW&E claims is protected by the attorney work product doctrine is referenced at pages 14 and 28 of the privilege log. It is a memorandum from Scott Ellwood to Howard Kastel, dated August 14, 1987, regarding the handling of an employment discrimination action against Grabill. The Court finds that this document was prepared in anticipation of litigation and thus is protected from discovery under the doctrine. The next group of documents that are protected are all MW&E notes in regard to the sexual harassment suit against Grabill. Among these are notes by Steve Erf dated December 3, 1987, and notes by Scott Ellwood dated March 15, 1988. These documents, described at pages 22 and 23 of the privilege log, are protected for the exact reasons the above-referenced memorandum is protected. Additionally, most of the documents in MW&E's file entitled "Grabill Corporation—Labor Matters—Memo of Law and Fact," referenced at page 35 of the privilege log, are protected by the doctrine due to the fact that they include handwritten notes by Ellwood and perhaps others from MW&E involving the sexual harassment suit. However, the Court finds that the two enclosed Illinois Appellate Court opinions and the one Northern District of Illinois opinion in relation to the statute of limitations are not protected by the attorney work product doctrine. These publications were obviously obtained by MW&E in connection with the anticipated litigation against Grabill. These reported decisions constitute factual work product as opposed to opinion work product and do not reflect MW & E's opinions, conclusions, mental impressions or legal theories. Rather, the published decisions are the opinions of those judges of the respective courts which rendered them.

## VI. CONCLUSION

For the foregoing reasons, the Court hereby sustains the attorney work product doctrine with respect to the MW & E's notes and memoranda regarding a sexual harassment action against Grabill. The Court hereby overrules the claim of privilege to the three reported case decisions contained within the MW & E file.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

See written Order.

## ORDER

For the reasons set forth in the Memorandum Opinion dated August 23, 1989, the Court having reviewed all documents submitted and having conducted an *in camera* inspection, hereby orders McDermott, Will & Emery to produce certain original documents for inspection to Jay Steinberg, trustee of the corporate debtors, and Thomas Raleigh, trustee for William J. Stoecker. Further, the Court hereby sustains McDermott, Will & Emery's assertions of the attorney work product doctrine to the remaining documents.